**Appeal Dismissed and Memorandum Opinion filed January 24, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00917-CR**

---

**HECTOR GIAGNOCOVO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1599067**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment of conviction signed May 10, 2022. No timely motion for new trial was filed. Therefore, appellant's notice of appeal was due by June 9, 2022. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension

of time to file notice of appeal). The fifteenth day after June 9, 2022, was June 24, 2022. Appellant filed his notice of appeal on December 9, 2022, a date that is not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On December 20, 2022, the parties were notified that the court may dismiss the appeal for want of jurisdiction unless appellant demonstrated that the court has jurisdiction. Appellant's response does not demonstrate this court has jurisdiction.

Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).